IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01976-BNB

JAMES RALPH DAWSON, JR.,

Plaintiff,

v.

MARTIN EGELHOFF,
ROBERT MCGAHEY,
JOANN VOGT,
HENRY NIETO,
ROBERT HAWTHORNE,
JOSE MARQUEZ,
DANIEL TAUBMAN,
JERRY JONES,
SANDRA ROTHENBERG,
JAMES CASEBOLT, and
DAVID FURMAN, Colorado State Judges in their individual and official capacities,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, James Ralph Dawson, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Dawson filed *pro se* a civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 suing state district and appeals court judges. As relief Mr. Dawson asks for declaratory and injunctive relief. He also has filed a motion to amend the complaint. The motion to amend will be granted.

Mr. Dawson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a

court to dismiss *sua sponte* an action at any time if the action is frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Dawson is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Dawson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action pursuant to 28 U.S.C. § 1915 as legally frivolous and malicious and for lack of subject matter jurisdiction.

Mr. Dawson alleges that he was convicted by a jury in Denver District Court Case No 91CR2503 on charges of second-degree murder, attempted second-degree murder, and heat-of-passion assault. He further alleges that his conviction was affirmed on direct appeal, and that the Colorado Supreme Court denied certiorari review. He asserts that he has filed four, state, postconviction motions, each of which has been denied. He argues that because the Defendant judges have denied him the relief he

sought in the postconviction motions, they have conspired not to hear the federal claims asserted in the state postconviction proceedings.

The Defendant judges are immune from liability because Mr. Dawson can make no rational argument that these Defendants have conspired against him simply because they have ruled against him. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial" and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority. *Id.* at 356-57. The Defendant judges clearly acted within their jurisdiction in ruling on Mr. Dawson's state proceedings. Mr. Dawson's complaint is precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.").

Not only is Mr. Dawson's complaint legally frivolous and malicious, but this Court appears to lack subject matter jurisdiction over his claims. Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any

3

time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

To the extent that Mr. Dawson is asking the Court to review and reverse decisions entered in his state court criminal proceedings, the Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148.

Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See **Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997). Finally, the ***Rooker-Feldman*** doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See **Brown & Root, Inc. v. Breckenridge***, 211 F.3d 194, 199 (4th Cir. 2000).

As noted above, Mr. Dawson appears to be asking this Court to review and reverse decisions entered in his state court criminal proceedings. Therefore, the Court finds that the action also must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. *See **Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the motion to amend the complaint is granted. It is

FURTHER ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous and malicious. It is

FURTHER ORDERED that the complaint and the action are dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 8 day of Oct., 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01976-BNB

James Ralph Dawson, Jr.
Prisoner No. 46709
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk